UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Winthrop Resources Corporation,
a Minnesota corporation,

Plaintiff,

v.

Transit Group, Inc.,
a Florida corporation,

Defendant.

Civil File No. 00-2467 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff Winthrop Resources Corporation's Motion for Summary Judgment. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

The facts of this case are undisputed. Plaintiff Winthrop Resources Corporation ("Winthrop") is a financial services company that specializes in leasing computer systems and other high-tech equipment. Defendant Transit Group, Inc. ("TGI") is a trucking business that uses satellite equipment to monitor the locations of trailers, tractors, and loads of customer goods. On October 26, 1999, the parties entered into a written Lease Agreement whereby Winthrop purchased satellite equipment, which Winthrop then leased to TGI.

The Lease Agreement specifies that payments for the equipment are due no later than the first day of each month during the term of the lease. (Gendler Aff. Ex. A ¶ 3.) The Agreement further provides that non-payment for a period of ten days constitutes default by

FILED APR 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD APR 13 2001
DEPUTY CLERK

TGI. (Id. ¶ 16(1).) Upon such default, Winthrop is, among other things, entitled to: (1) recover all accrued and unpaid rent; (2) recover all rents and other amounts as and when they become due; (3) accelerate and cause to become immediately due and payable all rents and other amounts due and/or likely to become due; (4) repossess the equipment and terminate the Lease; (5) cause to become immediately due and payable and to recover from TGI the Casualty Loss Value of the equipment; and/or (6) pursue any other remedy it may otherwise have at law, equity, or under any statute and recover damages and expenses incurred by reason of the default. (Id. ¶ 17.)

Since entering into the Lease Agreement, Winthrop has provided TGI with tens of thousands of dollars worth of satellite equipment. It is undisputed that TGI has defaulted on payments for much of the equipment. As a result, Winthrop now seeks to recover under the default provisions of the Lease Agreement. Winthrop also seeks attorneys' fees and costs pursuant to paragraph 18 of the Lease Agreement.

**DISCUSSION**

**A. Standard**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the

nonmoving party. Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, as the United States Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quotation omitted).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Enterprise Bank, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik, 47 F.3d at 957.

**B. Merits**

Winthrop argues that it is entitled to summary judgment because TGI has admittedly defaulted on its obligations under the Lease Agreement. TGI does not contest that liability. Rather, TGI argues that the Lease Agreement's penalty provisions, under which Winthrop may repossess the equipment and recover the full accelerated amounts due for the duration of the lease, are unconscionable and therefore unenforceable.

As both parties correctly note, under Minnesota law, a contract will be deemed

unconscionable, and therefore unenforceable, if it is "such as no man in his sense and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." In re Hoffbeck, 415 N.W.2d 447, 449 (Minn. Ct. App. 1988). In this case, the Court cannot find the penalty provisions at issue unconscionable. First, TGI is a sophisticated corporate entity. If TGI did not wish to be bound by what it now contends are unconscionable terms of the Lease Agreement, it should have negotiated those terms out of the Agreement. The Court will not "rewrite the contract in order to save [TGI] from its own poor decision." LaSociete Generale Immobiliere v. Minneapolis Cmty. Dev., 44 F.3d 629, 637 (8th Cir. 1994). Second, there is no evidence that TGI was "under delusion" at the time of entering into the Lease Agreement or that the Agreement was effected through fraud or duress. See Hoffbeck, 415 N.W.2d at 449. Finally, Minn. Stat. § 336.2A, subd. 1, expressly provides that as a remedy for default, a lessor may retain the goods and recover damages or rent and may "exercise any other rights or pursue any other remedies provided in the lease contract." The Court will not hold unconscionable remedies expressly authorized by the Minnesota legislature. Accordingly, Winthrop's Motion for Summary Judgment is granted.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court grants Winthrop's Motion for Summary Judgment.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Winthrop Resources Corporation's Motion for Summary Judgment (Clerk Doc. No. 5) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 13, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: APR 13 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*